IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JEFFREY F. GEDDES,<br><br>               Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>               Defendant. | ORDER AND<br>MEMORANDUM DECISION<br><br><br><br>Case No. 2:11-CV-1052-TC |

Jeffrey Geddes has filed a timely motion under 28 U.S.C. § 2255 to set aside his conviction.[1] Mr. Geddes, proceeding *pro se*, claims that he was denied his Sixth Amendment right to counsel of his choice,[2] citing several actions taken by the court that affected Mr. Geddes's legal representation. He contends that he "was forced to use the public defender's office against [his] choice and ability to pay for counsel of [his] choice." (Mot. Vacate [Dkt. No. 1] at 3.)

---

[1] Because the Tenth Circuit Court of Appeals, in dismissing Mr. Geddes's appeal, described the factual and procedural background of this case, United States v. Geddes, 401 F. App'x 387, 389 (10th Cir. 2010), this court will not repeat it here.

[2] In his motion, Mr. Geddes lists his ground as "Ineffective counsel – conflict of interest." (Mot. Vacate at 3.) But none of Mr. Geddes's facts support an ineffective assistance of counsel claim. (See id.) Rather, all of the supporting facts relate to Mr. Geddes's ability to be represented by counsel of his choice. Accordingly, the court construes Mr. Geddes's claim as a violation of his Sixth Amendment right to counsel of his choice.

The court recognizes that *pro se* litigants' pleadings should be construed more liberally than if outside counsel had drafted them. Haines v. Kerner, 404 U.S. 519, 520 (1972); Whitney v. N.M., 113 F.3d 1170, 1173–74 (10th Cir. 1997). But even under this more lenient standard, the court concludes that Mr. Geddes's motion must be denied because, as discussed below, his claim is procedurally barred.

**ANALYSIS**

Issues and claims that should have been raised on direct appeal are barred from consideration under § 2255. United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994) ("Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal."); United States v. Cook, 997 F.2d 1312, 1317 (10th Cir. 1993).

In his appeal to the Tenth Circuit, Mr. Geddes raised only two claims: 1) that the court erred when it unilaterally rejected his guilty plea under Federal Rule of Criminal Procedure 11(c)(1)(C), and 2) that the sentence imposed was substantively unreasonable.[3] See United States v. Geddes, 401 F. App'x 387, 389 (10th Cir. 2010). Mr. Geddes had a fair opportunity during his direct appeal to raise and litigate his claim of violation of his Sixth Amendment right to counsel of his choice.[4] All the necessary factual and legal arguments were available to him at

---

[3] Scott Kieth Wilson, counsel for Mr. Geddes, submitted an Anders brief asserting that he could find no meritorious basis for appeal but preserving these two issues for appeal.

[4] After Mr. Wilson submitted the Anders brief, Mr. Geddes was entitled to submit any additional arguments to the court. Id. (citing United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005)). Mr. Geddes was advised as such in Mr. Wilson's brief (see Dkt. No. 01018433120 in appellate case 10-4026 at 10), which he was served with, Geddes, 401 F. App'x at 389. Mr. Geddes did not file a response and did not raise any additional claims.

trial and on direct appeal. Accordingly, that claim is procedurally defaulted. See Hines v. United States, 971 F.2d 506, 507 (10th Cir. 1992) (discussing "Frady defense" set forth in United States v. Frady, 456 U.S. 152 (1982), in which U.S. Supreme Court barred claim in § 2255 motion because movant had failed to raise it during trial or on direct appeal); see also DeMartino v. United States, No. 07-Cv-1412, 2010 WL 3023896, at *11 (E.D.N.Y. Aug. 2, 2010) (holding claim in § 2255 motion that petitioner was denied Sixth Amendment right to counsel of his choice was barred because petitioner failed to raise it as an issue in his direct appeal); Williams v. United States, No. 4:07-CV-852, 2010 WL 3001868, at *3 (E.D. Mo. July 28, 2010) (same); United States v. Cruz, No. 09-11044, 2009 WL 6337981, at *2 (E.D. Mich. Nov. 18, 2009) (same).

Furthermore, Mr. Geddes does not fall within the exceptions to the procedural default rule. In Frady, the Supreme Court held that "to obtain collateral relief [under § 2255] based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his . . . procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." Frady, 456 U.S. at 167-68, quoted in Hines, 971 F.2d at 507. In his § 2255 Motion, Mr. Geddes has not shown cause excusing the procedural default of his claims.[5] Mr. Geddes's explanation for why he had not previously presented his claim is that:

---

[5] The other exception to the procedural default rule—a showing that a fundamental miscarriage of justice will occur if the claim is not addressed—is not applicable here. The "fundamental miscarriage of justice" doctrine requires the defendant to claim and produce new and reliable evidence that he is actually innocent. Bousley v. United States, 523 U.S. 614, 622 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency."); Schlup v. Delo, 513 U.S. 298, 324 (1995) ("To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new

> Due to all this mess and confusion with my attorneys I was greatly confused. In spending so much time preparing for trial with my original legal team . . . and then having the courts allow them to withdraw and then the courts not allowing me to put private counsel in after the court allowed my legal team to withdraw forcing me to use the public defender caused me GREAT stress and confusion.

(Mot. Vacate [Dkt. No. 1] at 4.) Although this may explain how the alleged denial of his Sixth Amendment right to counsel affected him during the time leading up to his plea of guilty, it in no way explains why Mr. Geddes did not raise the issue on direct appeal, especially given that Mr. Geddes was represented by counsel at the time of his appeal.[6]

Because Mr. Geddes's Sixth Amendment claim is procedurally barred and he has not shown that he falls within the exceptions to the procedural default rule, the court will not consider the claim.

## CONCLUSION

For the foregoing reasons, Mr. Geddes's Motion to Vacate (Dkt. No. 1) is DENIED.

DATED this 5th day of December, 2011.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
United States District Judge

---

reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial."); Murray v. Carrier, 477 U.S. 478, 496 (1986); United States v. Cervini, 379 F.3d 987, 991-92 (10th Cir. 2004). Mr. Geddes does neither.

[6] Mr. Geddes does not argue that his appellate counsel, Mr. Wilson, was ineffective.